146

247 P.2d 158

**MOON v. MASTERS, Secretary of State.**

No. 7913.

Supreme Court of Idaho.

Aug. 4, 1952.

C. H. Higer, Emmett, for plaintiff.

Robert E. Smylie, Atty. Gen., J. R. Smead, J. N. Leggat, William H. Bakes, Edward J. Aschenbrener, Leonard H. Bielenberg, Asst. Attys. Gen., for defendant.

THOMAS, Justice.

This is an original proceeding in this court for a writ of mandate commanding the defendant, Ira H. Masters, Secretary of State of the State of Idaho, to certify plaintiff's name as a candidate for the office of State Treasurer of the State of Idaho in the nominating election to be held on August 12, 1952.

The proceedings arose out of the following basic facts: Lela D. Painter was elected State Treasurer at the general election in November, 1950, for a term of four years, which term would normally expire on the first Monday of January, 1955. Mrs. Painter died on March 11, 1952. On March 17th of that year the Governor of the State of Idaho appointed Mrs. Margaret Gilbert as State Treasurer to fill the unexpired term occasioned by the death of Mrs. Painter.

On July 12, 1952 the plaintiff tendered her nominating petitions in due form to the defendant, the Secretary of State, who refused to receive and file her petitions for nomination and to certify her name on the ballot as a candidate for the office of State Treasurer.

On July 18, 1952 plaintiff filed her petition and affidavit in this court, seeking a writ of mandate directed to the Secretary of State commanding him to accept the petitions for filing or to show cause why he should not do so. The alternative writ was issued by this court and the defendant duly answered and made return, and the cause is at issue here on the pleadings, in which only issues at law are raised and presented.

It is the contention of the defendant that no vacancy exists in the office of State Treasurer for the reason that the appointment of Mrs. Gilbert was effective for the unexpired portion of the term for which Mrs. Painter was elected, that is, until the first Monday of January, 1955; on the other hand, it is the contention of the petitioner and plaintiff that such appointment may only be made until the next election in point of time after the vacancy occurs, and that hence a State Treasurer must be elected at the general election in November, 1952.

Upon the death of Mrs. Painter there existed a vacancy in the office of State Treasurer, and it is evident that the only question for our determination is whether or not, under the Constitution and laws of this state, the appointment of Mrs. Gilbert by the Governor shall run for the balance of the unexpired term of Mrs. Painter, that is, until the first Monday in January, 1955, or simply until the first Monday in January, 1953.

The petitioner, in support of her position, has cited authorities from many other jurisdictions whose constitutional and statutory provisions are unlike those found in Idaho; the decisions in such other states are based upon the peculiar language of their respective constitutional and statutory enactments. An examination of such discloses that there is wide variation in the different states concerning both their constitutional and statutory enactments with reference to the time for holding an election to fill vacancies in public offices. We find such expressions: "until the next general election"; "the next election by the people"; "the next annual election"; "until the next general election"; "until their successors are duly elected and qualified". These various terms so employed have been variously interpreted. According to one line of authority the election indicated by any such phrase is the next election to which any successor to the incumbent of the office would have been elected if there had been no vacancy; on the other hand, there are many authorities which hold that it has reference to the election next in point of time after the vacancy occurs. See 132 A.L.R. p. 574. Such decisions are neither helpful nor controlling here; the solution must be found in a rational interpretation of the appropriate constitutional and statutory provisions of our own state.

It follows that in order to determine this question it is necessary to consult certain provisions of the State Constitution and the statutes, together with any pertinent decisions thereunder with respect to this problem.

Article 4, Section 1, of the State Constitution, enumerates the executive officers of the State, which includes the State Treasurer, and provides therein that such officers shall hold office for four years beginning on the first Monday of January

next after his or her election, commencing with those elected in the year 1946.

Article 4, Section 6 of the Idaho Constitution, dealing with the executive department of the State government, provides in pertinent part as follows:

" * * * If the office of a justice of the Supreme or district court, secretary of state, state auditor, *state treasurer*, attorney general, or superintendent of public instruction shall be vacated by death, resignation or otherwise, it shall be the duty of the governor to fill the same by appointment, and the appointee shall hold his office until his successor shall be elected and qualified in such manner as may be provided by law." (Emphasis supplied.)

It is urged by the defendant that under the provisions of Article 4, Section 6, as above set forth, the absolute right is therein granted to the Governor to fill a vacancy in the office of State Treasurer until the next general election to fill that particular office, which would be the fall of 1954.

The plaintiff, on the other hand, urges that a vacancy in any state office shall be filled by the Governor only until the next general election in point of time after such vacancy occurs, when the vacancy shall then be filled by an election, and cites in support of such contention Section 59–904, Idaho Code, which provides as follows:

"All vacancies in any state office, and in the Supreme and district courts, unless other wise provided for by law, shall be filled by appointment by the governor, until the next general election after such vacancy occurs, when such vacancy shall be filled by election",

and Section 59–913, Idaho Code, which provides as follows:

"Appointments under the provisions of this chapter shall be in writing, and continue until the next election, at which the vacancy shall be filled, and until a successor is elected and qualified, and be filed with the secretary of state, or proper county auditor, respectively."

The matter now presented to this court and the positions urged by the respective parties is not one of first impression. The same question was presented to this court in 1914 in the case of Budge v. Gifford, 26 Idaho 521, 144 P. 333, 335. In that case it was urged, as it is urged herein, that the provisions of Sections 320 and 329 of the Revised Codes, which were identical with Sections 59–904 and 59–914 of the Idaho Code, provide the manner of filling a vacancy in the office of any of the officers designated in Article 4, Section 6 of the Idaho Constitution, and that any such appointee shall hold office only until the next general election in point of time. This court in the Budge case construed those sections of the statute as well as

the provisions set forth in Article 4, Section 6 of the Idaho Constitution, and therein held not only that the Governor, under the provisions of Article 4, Section 6 of the Constitution, had the power, but it was his duty, whenever a vacancy occurred in the office of a justice of the Supreme Court, to fill such by appointment, and that the grant of such power to the Governor under the provisions of the Constitution was absolute and not in any wise dependent upon legislative action or legislative sanction, and therein effectively disposed of the question as to the time for which such appointment would run, as follows:

"After the vacancy has been once filled, there is no vacancy to be filled. The vacancy caused by the death of Justice Stewart extended from September 25, 1914, the date of his death, until the first Monday in January, 1919, or until a successor should be duly elected and qualified, a little over four years, and the Governor, is authorized to fill that vacancy, and at the end of the term to which the deceased incumbent was elected the successor of such appointee shall be elected and qualified in such manner as may be provided by law. Since the Governor is empowered to fill such vacancy— not a part of it—the appointee holds the office until the term of vacancy expires, or until his successor is elected and qualified as provided by law.

. The words 'his office' and 'his successor' clearly indicate that the appointee succeeds to all the rights in the office held by the original incumbent, and that he shall continue to hold and exercise them until the time arrives for the election of his successor in the manner provided by law, for the next succeeding term of the office in question."

The Supreme Court in the Budge case held that insofar as Sections 59–904 and 59–914 attempt to provide the tenure of the appointment in any office designated in Article 4, Section 6 of the Constitution, to hold only until the next general election, they are necessarily repugnant to the Constitution and in derogation of the specific power of appointment to fill such vacancies granted by the Constitution to the Governor, unless the term (next general election) is to be construed so as to mean until the next general election to fill the particular office in question.

We do not believe the provisions of these particular sections are necessarily repugnant to the constitutional provisions for the reason that they have no application to the filling of a vacancy where it is otherwise provided for by the Constitution itself. The provisions of Article 4, Section 6 of the Idaho Constitution do otherwise provide for the filling of a vacancy in the office of State Treasurer, and this court has construed that provision in the case of Budge v. Gifford, supra, to mean that the Governor

is authorized to fill such vacancy, not until the next general election in point of time, but for the entire unexpired term of the office vacated.

It is urged by plaintiff that the case of Winter v. Davis, 65 Idaho 696, 152 P.2d 249, is authority for support of her contention. With this we cannot agree. That case is readily distinguishable from the case of Budge v. Gifford, supra. It involves the question of a vacancy in the office of clerk of the district court. The clerk of the district court is not one of the officers designated in Article 4, Section 6 of the Idaho Constitution. The Constitution itself does not provide the manner of filling such vacancy, but only provides that it shall be filled as provided by law. Article 5, Section 19, Idaho Constitution. This implies and requires that such a vacancy be filled as provided by legislative enactment. The legislature has provided the manner of filling such vacancy under the provisions of Sec. 59–906, Idaho Code, wherein it is set forth that such vacancies shall be filled by appointment until the next general election, when such vacancy shall be filled by election.

It is further urged by plaintiff that this court should apply the democratic principles of government which require, so far as possible, that elective offices be filled by incumbents chosen by the electors as soon after the vacancy occurs as is practical, and that, in this instance, if this principle were applied, it is practical to have the vacancy filled by the vote of the people at the election in 1952. This principle has been recognized and followed in this court in an appropriate case. Winter v. Davis, supra. It is a salutary principle, and would be applied in the instant case if the tenure of the appointment of the State Treasurer were not otherwise provided for under Article 4, Section 6 of the Constitution, which is supreme. Before such principle may be applied with reference to filling a vacancy in any constitutional office designated in Article 4, Section 6, Idaho Constitution, it will be necessary that Section 6 of such article be amended by the people.

Under the authority of the decision announced by this court in the case of Budge v. Gifford, supra, in 1914, some twenty-eight years ago, we are constrained to and we do hold that the alternative writ be quashed, a permanent writ denied, and the petition dismissed.

GIVENS, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.